THE STATE, THOMAS F. NOONAN AND GARRET D. VAN REIPEN, PROSECUTORS, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON.

An act (*Pamph. L.* 1888, *p.* 397) which provides that, when any board of chosen freeholders shall deem it for the best interests of their county to construct a public road extending through such county, it shall be lawful for them to submit to a vote of the legal voters of said county the question whether such road shall be laid, is constitutional.

On *certiorari.*

This writ brings up certain resolutions and proceedings of the board of chosen freeholders of Hudson county touching the laying out of a public road extending through Hudson county. The proceedings were taken in compliance with the provisions of the act passed in 1888. *Pamph. L., p.* 397.

The act provides that, when any board of chosen freeholders shall deem it for the best interests of their county to construct a public road extending through such county, it shall be lawful for them to submit, by resolution, the question whether or not such public road shall be laid out to the electors of the said county at an election, and if a majority shall vote for such road, then the board of chosen freeholders shall be vested with power to construct such road.

The act, among other provisions, empowers the board to issue bonds in furtherance of the scheme.

Argued at February Term, 1889, before Justices SCUDDER, DIXON and REED.

For the plaintiff in *certiorari, Thomas F. Noonan, Jr.*

For the defendants, *John A. McGrath.*

The opinion of the court was delivered by

REED, J. It is admitted, in the state of the case agreed upon by the respective counsel, that the acts of the board of chosen freeholders, brought up by this writ, were taken in exact conformity with the terms of the act of 1888.

The attack made upon the resolutions is directed against the statute, which purports to convey the authority exercised by the board of chosen freeholders. It is strongly insisted that the statute is one that the legislature had no power to enact.

It is first contended that the power of the board to act in any county is dependent upon a vote of approval by the people of the county, and that this is equivalent to submitting the law itself to a popular vote, which is a delegation of legis-

lative power and in conflict with the organic law of the state. If this character can be ascribed to this legislation, I do not perceive, in the face of the decision in the Court of Errors and Appeals, in the case of *Paul* v. *Gloucester County*, 21 *Vroom* 585, how it can be pronounced unconstitutional.

It was held in that case, that a provision for a vote of the people of the county upon the policy of granting licenses was a grant of police power to a county, and that a county was a municipal corporation. The control of streets and highways has always been confided to municipal corporations, and is a police regulation, so far as the manner of using such highways is concerned, and the laying out of new streets, while not the exercise of the police power, has been usually confided to the legislative branch of the common council of the city or township in which the route of the proposed road lies.

In the case of *Warner* v. *Hoagland, 22 Vroom 66*, an act was before the court which provided a separate scheme for the opening, constructing, cleaning, repairing, and for any alteration or improvement to the streets, avenues, alleys, parks, &c., and also provided that none of these provisions should take effect in a city until accepted by a majority of the legal vote of such city at a popular election.

It was held as not objectionable as a delegation of legislative power.

It is next insisted that the act is special, in that it is opposed to article 4, section 7, paragraph 11, of the amended constitution, which provides that the legislature shall not pass private, special nor local laws for the laying out, opening, or altering or working roads or highways.

It is also contended that it is unconstitutional, because it regulates the internal affairs of counties in a special manner. The act undoubtedly operates to introduce diversities in the methods of laying out roads in different counties, and it may operate unequally upon the internal affairs of counties. A road exactly the same kind may be laid in one county under one scheme and in another county under a different scheme,

but that does not matter, as it has been held in the case last mentioned, that a special method can be adopted by any city, although there is a general scheme in operation.

The questions raised, I think, are already decided in this court, and the writ of *certiorari* is dismissed.